UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL CASTON,

    Petitioner,                                      CASE NO. 2:07-CV-15299
                                                              HON. AVERN COHN
v.
NICK LUDWICK,

    Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
## DENYING PETITIONER'S MOTION TO WAIVE EXHAUSTION REQUIREMENT

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Samuel Caston, ("petitioner"), is a state inmate currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, where he is serving a sentence of five years for possession of a firearm in the commission of a felony, second offense, Mich. Comp. Laws § 750.227b; and a suspended sentence for felon in possession of a firearm, Mich. Comp. Laws § 750.224f. Before the Court is Petitioner's pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Also before the Court is Petitioner's a motion to waive the exhaustion requirement. For the reasons which follow, the petition and the motion will be denied.

II. Procedural History

In 2005, Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court. Petitioner filed a timely appeal of right to the Michigan Court of Appeals, presenting the claims that he raises in the instant petition. The

Michigan Court of Appeals affirmed petitioner's conviction and sentence. People v. Caston, No. 263269 (Mich. Ct. App. Dec. 19, 2006). Petitioner did not filed an application for leave to appeal to the Michigan Supreme Court.[1]

On May 7, 2007, petitioner filed a motion to reissue the opinion with the Michigan Court of Appeals. Petitioner asked the Michigan Court of Appeals to reissue its opinion, claiming that his attorney had inadvertently mailed the Michigan Court of Appeals' decision to the wrong prison, because petitioner had been transferred to another prison. Petitioner claimed that by the time that he actually received the opinion on January 26, 2007, he had only eighteen days remaining under the Michigan Court Rules to file an application for leave to appeal with the Michigan Supreme Court. Petitioner asked the Michigan Court of Appeals to reissue their opinion so that he could file a timely application for leave to appeal with the Michigan Supreme Court. On June 18, 2007, the Michigan Court of Appeals denied petitioner's request. People v. Caston, No. 263269 (Mich. Ct. App. June 18, 2007).

On December 10, 2007, petitioner filed his petition for writ of habeas corpus, in which he seeks relief on the following grounds:

> I. The Defendant-Appellant's Conviction for Felon in Possession of a Firearm and Felony Firearm Should Be Reversed.
>
> II. Defendant Caston was deprived of a fair trial by the trial court's reliance upon incompetent matter to find that he constructively possessed a firearm.
>
> III. The acts, errors, and omissions of trial counsel severally and cumulatively contravened Defendant Caston's right to the assistance of

---

[1] See Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated May 29, 2008.

2

counsel and a fair trial.

As noted above, Petitioner also filed a motion to waive the exhaustion requirement.

### III. Analysis

### A. Procedural Default

Respondent contends that petitioner's claims are procedurally defaulted because he failed to properly exhaust the claims by filing a timely application for review of his conviction with the Michigan Supreme Court.

A habeas petitioner procedurally defaults a claim if he fails to raise it in an application for discretionary review with the state's highest court. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas review. See Harris v. Stegall, 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Under M.C.R. 7.302(C)(3), Petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. Petitioner's conviction was affirmed by the Michigan Court of Appeals on December 19, 2006. Petitioner had fifty six days from this date, or until February 13, 2007, to timely file an application for leave to appeal with the Michigan Supreme Court. Because petitioner never filed an application for leave to appeal with the Michigan Supreme Court, his claims are procedurally defaulted. Seeger v. Straub, 29 F. Supp. 2d 385, 391-92 (E.D. Mich. 1998). As such, he has waived the right to habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. See Coleman v.

3

Thompson, 501 U.S. 722, 750 (1991). In Murray v. Carrier, 477 U.S. 478, 488 (1986), the Supreme Court defined cause sufficient to excuse procedural default as "some objective factor external to the defense," which precludes a habeas petitioner's ability to pursue his claim in state court.

                B. Excuse Procedural Default/Waive Exhaustion Requirement

In his motion to waive the exhaustion requirement and again in his reply brief, Petitioner asks this Court to waive the exhaustion requirement and thereby excuse his procedural default. Petitioner presents several arguments for excusing his default. Each is addressed in turn.

                              1.

Petitioner first argues that he was unable to file an application for leave to appeal to the Michigan Supreme Court because he did not timely receive a copy of the decision from his appellate counsel. A defendant's right to the effective assistance of counsel on an appeal as of right from a state conviction encompasses the right to a timely notice of the decision on that appeal. See Smith v. State of Ohio Dept. of Rehabilitation, 463 F. 3d 426, 433 (6th Cir. 2006). Thus, an appellate counsel's failure to provide a defendant with timely notice of the decision of an intermediate court of appeals can constitute deficient performance, as an element of an ineffective assistance of appellate counsel claim. Id. at pp. 434-35. When, as here, a defendant alleges that his appellate counsel's ineffective assistance led "to the forfeiture of a proceeding itself" by denying him the opportunity to appeal to a higher court, prejudice is presumed. Id. at 435 (citing Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000)). "[F]or this presumption to apply, however, the defendant must demonstrate that counsel's deficient performance 'actually

4

cause[d] the forfeiture of the defendant's appeal.'" *Id.* (quoting Flores-Ortega, 528 U.S. at 484).

Petitioner has failed to present any evidence that he was ever transferred to another prison during the course of his appeal. A showing of cause by a habeas petitioner requires more than "the mere proffer of an excuse." See Lundgren v. Mitchell, 440 F. 3d 754, 763 (6th Cir. 2006).

Petitioner's pro per "Standard 4 Brief on Appeal", which was signed and dated June 20, 2006, indicated that Petitioner was incarcerated at the Standish Maximum Correctional Facility. The letter sent by Petitioner's appellate counsel to Petitioner on December 20, 2006, which informed him of the Michigan Court of Appeals' decision, was also sent to petitioner at the Standish Maximum Correctional Facility. Although the letter has a notation that the letter was returned from the Michigan Department of Corrections and re-sent on January 10, 2007, Petitioner has provided nothing to authenticate that this notation was signed by Petitioner's attorney. Finally, petitioner's motion to reissue the opinion, dated May 7, 2007, also indicated Petitioner's address as being the Standish Maximum Correctional Facility. Petitioner has provided insufficient proof that he was transferred to another facility during the course of his direct appeal which would have prevented him from receiving timely notification of the Michigan Court of Appeals' decision.

Moreover, even if Petitioner's allegation that he did not receive notification of the Michigan Court of Appeals' decision until January 26, 2007 is true, Petitioner would have had eighteen days remaining to file an application for leave to the Michigan Supreme Court by the February 13, 2007 due date. Petitioner offers no explanation

5

why he could not have simply re-captioned his Michigan Court of Appeals brief and filed it along with a copy of the Michigan Court of Appeals decision within that time period. Because Petitioner had almost three weeks to timely file an application for leave to appeal with the Michigan Supreme Court, any delay in receiving notification of the Michigan Court of Appeals' decision would not constitute cause to excuse his default. See Slappey v. Withrow, 985 F. 2d 561 (Table); 1993 WL 2550 (6th Cir. February 1, 1993)(delayed receipt of Michigan Court of Appeals' decision did not excuse petitioner's procedural default, where petitioner had almost an entire month remaining to file application for leave to appeal with the Michigan Supreme Court); Evans v. Jackson, No. 2007 WL 1775384, * 5 (E.D. Mich. June 20, 2007)(delayed notification of Michigan Court of Appeals' decision did not excuse failure to file timely application for leave to appeal to the Michigan Supreme Court when petitioner had fifteen days from the receipt of the decision to file timely application with the Michigan Supreme Court).

2.

Petitioner next argues that his failure to file an application for leave to appeal to the Michigan Supreme Court should be excused, because he was unaware of the fifty six day deadline under M.C.R. 7.302 for filing a timely application for leave to appeal with the Michigan Supreme Court following the denial of his appeal by the Michigan Court of Appeals. Petitioner's ignorance of the law and the procedural requirements for filing a timely notice of appeal with the Michigan Supreme Court is insufficient to establish cause to excuse his procedural default in failing to file timely notice of appeal with that court. See Bonilla v. Hurley, 370 F. 3d 494, 498 (6th Cir. 2004).

3.

Petitioner further says that his ability to file a timely application for leave to appeal with the Michigan Supreme Court was further hampered by the fact that he has a reading and comprehension level at the second grade level. This is insufficient to waive the exhaustion requirement. A habeas petitioner's mental impairment or limited intelligence level is not a factor that is external to the defense and therefore does not excuse a habeas petitioner's procedural default. See Johnson v. Wilson, 187 Fed. Appx. 455, 458 (6th Cir. 2006)(collecting cases).

4.

Finally, Petitioner argues that his failure to file an application for leave to appeal with the Michigan Supreme Court should be excused because he asked a prisoner paralegal to review his legal documents to explain the legal significance of the documents to petitioner. Petitioner claims that he was transferred to another prison before this prisoner paralegal could receive any advice as to the nature of these documents and further claims that he was transferred without access to these papers.

As noted above, Petitioner has not presented any proof to show he was transferred to another prison between the time that he received a copy of the Michigan Court of Appeals' decision on January 26, 2007 and the February 13, 2007 deadline for filing his application for leave to appeal to the Michigan Supreme Court. Moreover, a prisoner has no constitutional right to legal advice from another prisoner. Shaw v. Murphy, 532 U.S. 223, 230 (2001). Because Petitioner has no right to legal advice from another inmate, he cannot use this unenforceable right as an impediment to his litigation in the state courts.

B.

Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. <u>Smith v. Murray</u>, 477 U.S. at 533. Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. Petitioner's sufficiency of evidence claim (Claim # 1) is insufficient to invoke the actual innocence exception to the procedural default doctrine. <u>See</u> <u>Malcum v. Burt</u>, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

C.

Even assuming Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. For the reasons stated by the Michigan Court of Appeals in their decision affirming Petitioner's conviction, his habeas claims lack merit.

IV. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is DENIED and the matter is DISMISSED. Petitioner's motion to waive the exhaustion requirement is DENIED.

SO ORDERED.

Dated: September 8, 2008      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

**07-15299 Caston v. Ludwick**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Samuel Caston, 234408, St. Louis Correctional Facility, 8585 N. Croswell Road St. Louis, MI 48880 and the attorneys of record and on this date, September 8, 2008, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager, (313) 234-5160